UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:17-cv-1430-T-30AAS

PATRICIA AVILA, individually and on behalf of all
others similarly situated,

    Plaintiffs,                                          COLLECTIVE ACTION

vs.

SP BEACH HOTEL CORP.,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, PATRICIA AVILA (Plaintiff), individually and on behalf of all other similarly situated individuals, by and through the undersigned counsel, and sues SP BEACH HOTEL CORP. (Defendant) under the Fair Labor Standards Act, and Florida statutory and common law, and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 206, 207, and 216(b), which provides that suit under the Fair Labor Standards Act (hereinafter "FLSA") "may be maintained against any employer...in any Federal or State court of competent jurisdiction."

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.



TPA044143

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendants reside in and/or do business within this District. In addition, a substantial part of the events and omissions giving rise to the claims plead in this Complaint occurred within this District.

## PARTIES

4. Plaintiff is a resident of the State of Florida and was an employee of the Defendants in this District and division during the three (3) years before the date on which this Complaint was filed.

5. Plaintiff brings this case on behalf of herself and other similarly situated individuals, as defined by U.S.C. § 201, sec. 3(e), who currently work, or who worked, for Defendant during the three (3) years before the date the Complaint was filed.

6. During the three (3) years before the date on which this Complaint was filed, Plaintiff was employed by Defendants as a banquet server.

7. At all times material, Plaintiff, and all others similarly situated, was an "employee" of the Defendants within the meaning of the Act, 29 U.S.C. § 203(e)(1).

8. The representative Plaintiff signed an opt-in consent form to join this lawsuit. See Exhibit "A".

9. Defendant, SP HOTEL CORP., is a New York for-profit corporation duly registered to do business in the State of Florida.

10. At all times material herein, Defendant's principal place of business was located at 3400 Gulf Beach Boulevard, St. Pete Beach, Florida 33706.

11. Defendant, at all times material, are "employers" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

12. Defendant is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

13. At all times material, Defendant owned and operated the Don Cesar Hotel, located at 3400 Gulf Beach Boulevard, St. Pete Beach, Florida 33706.

14. Plaintiff has worked as a banquet server at the Don Cesar Hotel since approximately 1994, predating Defendant's ownership of the hotel.

15. Defendant, as part of its business, would engage in interstate commerce by, but not limited to, processing credit cards which are instruments of interstate commerce, transacting business with foreign corporations which were part of interstate commerce, purchasing equipment, materials, parts, and supplies from dealers, wholesalers, suppliers, and retailers out of state which were part of interstate commerce, by advertising on the World Wide Web and other mediums to potential clients outside the State of Florida, and by transacting business across state lines, all of which are part of interstate commerce.

16. Furthermore, Defendant obtained, exchanged, and sent/received funds to and from of the State of Florida, used telephonic transmissions going outside of the State of

Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

17. Defendant has annual revenue of at least five hundred thousand dollars ($500,000.00) and is subject to the FLSA.

18. Defendant controlled the day to day operations of the Don Cesar Hotel and were actively involved in the day to day operations of same, including matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals and quotas, marketing, establishing services performed, setting pricing for products and services, and other business operations.

19. Defendant supervised the operations of the Don Cesar Hotel including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

20. At all times material herein, Defendant controlled Plaintiff's day to day activities, supervised, and/or had operational control over Plaintiff. Defendant was responsible for hiring Plaintiff, having the ability to terminate Plaintiff, setting Plaintiff's rate of pay, determining if the minimum wage or overtime was to be paid, determining if commission(s) were to be paid, setting Plaintiff's work schedule including the number of days and hours worked, determining and assigning Plaintiff's work duties, and supervising Plaintiff.

21. Plaintiff was covered by the FLSA as she utilized the instrumentalities of commerce whiles he performed her duties for the Defendants.

22. While employed with Defendant, Plaintiff's work duties included, but were not limited to, setting up and breaking down banquet accommodations.

23. Plaintiff was a "non-exempt" employee of Defendant.

24. Plaintiff was an hourly employee.

25. Plaintiff worked the number of hours required by Defendant, but was not paid for each and every hour worked during a work week.

26. Defendant suffered and permitted Plaintiff to work as its employee, but did not pay the appropriate rate for all work that Plaintiff performed for Defendant.

27. Plaintiff worked over forty (40) hours in a work week for Defendant, but was not paid overtime compensation at the proper overtime rate by Defendant for all those hours worked over forty (40) in a work week.

28. Defendant was involved in, and responsible for, paying Plaintiff for work performed.

29. The records concerning the hours worked by Plaintiff are in the exclusive possession and sole custody and control of Defendant. Therefore, Plaintiff is unable to determine and state the exact amount of damages due.

30. Defendant's actions in failing and/or refusing to pay Plaintiff the applicable overtime compensation, as required by the FLSA, were willful and not in good faith.

31. Plaintiff has retained the undersigned attorneys and Defendant is obligated to pay them a reasonable fee for their services pursuant to the FLSA, and Florida law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

31. Representative Plaintiff, PATRICIA AVILA, brings this case as a collective action on behalf of herself and other similarly-situated individuals pursuant to 29 U.S.C. §216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

32. The proposed collective class of similarly-situated persons is defined as:
All individuals who currently work or previously performed work for Defendant, its subsidiaries or affiliated companies, in the state of Florida as a server, banquet server, or other similarly situated staff.

33. This action is properly maintained as a collective action because the Representative Plaintiff is similarly situated to the members of the collective class with respect to job title, job description, job duties, and Defendant's compensation policies and procedures.

34. Defendant encouraged, suffered and permitted the Representative Plaintiff and the collective class to work more than forty (40) hours per week without the proper overtime compensation.

35. Defendant knew that the Representative Plaintiff and the collective class performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as described above, to deprive the Representative Plaintiff and the collective class of wages and overtime compensation.

36. Defendant's conduct, as alleged herein, was willful and has caused significant damages to the Representative Plaintiff and the collective class.

42. During the previous three year period before this Complaint was filed, Plaintiff regularly worked, at Defendant's insistence, in excess of forty (40) hours per week.

43. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

44. Plaintiff was not exempt from receiving overtime compensation under the FLSA.

45. As such, Plaintiff was entitled to be paid at a rate one and one-half (1 ½) times the regular hourly rate for each hour worked in excess of forty (40) in a work-week.

46. Defendant employed Plaintiff in excess of forty (40) hours in at least one work week without paying her at a rate of one and one half (1 ½) times the regular rate of pay for all hours worked in excess of forty (40) in the work week as required by the FLSA, and thus have violated Plaintiff's rights under § 207 of the FLSA.

47. As a consequence of the Defendant's violation of the FLSA, Plaintiff is entitled to one and one half (1 ½) times the regular rate of pay for all hours worked in excess of forty (40) hours for each week employed by Defendant and for which she was not paid one and one half times (1 ½) the regular rate.

48. Defendant knew and was aware at all times that Plaintiff worked more than forty (40) hours per week without receiving the appropriate overtime compensation.

49. Defendant failed and refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

      i. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiff and similarly-situated persons who opt-in to this action; and,

      ii. Willfully violated overtime provisions of the FLSA.

D.     Award compensatory damages, including all pay owed and wrongful deductions made, in an amount according to proof;

E.     Award liquidated damages on all compensation due accruing from the date such amounts were due;

F.     Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

G.     Grant leave to amend to add claims under applicable federal laws;

H.     Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

I.     For such further relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED this 12th of June, 2017.

                          Respectfully submitted,

                          /s/ Jeremiah J. Talbott
                          JEREMIAH J. TALBOTT, ESQ.
                          FL Bar No. 015484
                          TRAVIS P. LEPICIER, ESQ.
                          FL Bar No. 0099843
                          Law Office of Jeremiah J. Talbott, P.A.
                          900 E. Moreno Street
                          Pensacola, Fla. 32503
                          (850) 437-9600 / (850) 437-0906 (fax)
                          jjtalbott@talbottlawfirm.com
                          civilfilings@talbottlawfirm.com
                          *Attorneys for Plaintiff*