# EXHIBIT 1

## COLLECTIVE ACTION SETTLEMENT AGREEMENT AND RELEASE OF WAGE AND HOUR CLAIMS

This Collective Action Settlement Agreement and Release of Wage and Hour Claims (the "Agreement") is made and entered into by, between, and among Patricia Avila ("Named Plaintiff"), and Brian Rose, Eduardo Valentin, Zahira Baidouri, Leonard Walters, Humberto Britto, Zaim Osmanovic, Patrick Filson, Adelino Cisternas, Miranda O'Bryan, and Zachary Rainville ("Opt-In Plaintiffs") (collectively, "Plaintiffs"), individually on behalf of themselves, and SP Beach Hotel Corp. ("Defendant"). Plaintiffs and Defendant are collectively referred to as the "Parties."

WHEREAS, Plaintiffs filed a lawsuit against SP Beach Hotel Corp. titled Patricia Avila v. SP Beach Hotel Corp., No. 8:17-cv-01430, in the United States District Court for the Middle District of Florida, Tampa Division (the "Lawsuit"); and

WHEREAS, in the Lawsuit, Plaintiffs assert claims under the Fair Labor Standards Act ("FLSA") for purported unpaid overtime; and

WHEREAS, Defendant denies all of Plaintiffs' allegations and claims in the Lawsuit, and denies that Plaintiffs' claims were or are appropriate for collective action treatment; however, to avoid the costs of protracted litigation and the associated legal costs and expenses, the Parties desire to resolve the claims Plaintiffs have brought against Defendant in the Lawsuit.

WHEREAS, the Parties enter into this Agreement to effect a full and final settlement and dismissal with prejudice of all claims of Plaintiffs brought against Defendant in the Lawsuit, which were or could have been pled in the Complaint, and/or claims related thereto. This Agreement is intended fully and finally to compromise, resolve, discharge and settle the Lawsuit, as reflected herein, subject to the approval of Court;

NOW, THEREFORE, in consideration of the mutual covenants and promises each party has made to the other as set forth in this Agreement, the Parties agree as follows:

1. **Dismissal Of The Lawsuit.** The Parties agree to, on or before April 18, 2018, seek an order approving the terms of this Agreement and dismissing with prejudice the Lawsuit by filing a joint motion for approval of the settlement agreement and dismissal of the lawsuit with the United States District Court for the Middle District of Florida.

2. **Waiver And Release Of All Wage And Hour Claims.** In exchange for the consideration described in Paragraph 7, Plaintiffs irrevocably and unconditionally waive, release, and forever discharge Defendant and its predecessors and successors in interest, current, former and future stock holders, owners, and all current, former and future related organizations, companies, divisions, subsidiaries, affiliates, and corporate parents, and collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, insurers and trustees (collectively the "Released Parties"), from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not

limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in or that could have been asserted against any of the Released Parties in the Lawsuit for claims of unpaid or untimely paid wages or other forms of compensation, including but not limited to, claims asserted under any legal theory or statute for misclassification, failure to pay minimum wage, failure to pay overtime, failure to pay for all hours worked, violation of the anti-retaliation provisions of the FLSA or state law with respect to claims that were or that could have been asserted in the Lawsuit, failure to timely pay wages, failure to pay final wages, failure to furnish accurate wage statements or other notices, failure to keep accurate records, and/or any claims for or relating to failure to pay gratuities, tips, tip allowances, or service charges (the "Released Claims"). The Released Claims include, but are not limited to, any and all claims for damages, interest, penalties, costs, attorneys' fees, equitable relief, or any other types of available recovery relating to any of the Released Claims.

3. **Covenant Not To Sue.** Plaintiffs agree not to sue any or all of the Released Parties in any forum for any claim covered by the waivers and releases in Paragraph 2, except that Plaintiffs may bring a claim to enforce this Agreement. Plaintiffs also agree not to participate in any class or collective action against any or all of the Released Parties for any claim covered by the waivers and releases in Paragraph 2 and that they will elect to opt out of any lawsuit or action against any of the Released Parties pertaining to any of the Released Claims, of which they are involuntarily made a member or participant. If any of the Plaintiffs violate this Agreement by suing the Released Parties, other than to enforce this Agreement, Plaintiffs shall be liable to such Released Parties as parties to the lawsuit for their reasonable attorneys' fees and other litigation costs incurred in defending against such a lawsuit. Alternatively, if any of the Plaintiffs sue the Released Parties, other than to enforce this Agreement, Plaintiffs may be required, at Defendant's option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to them pursuant to this Agreement.

4. **No Pending Actions.** Plaintiffs represent that other than the Lawsuit, they have not filed any other claims or causes of action in any form or forum against the Released Parties based on the any of the Released Claims.

5. **Rights And Claims Excluded From Waivers And Releases.** This Agreement does not waive any rights that cannot be waived by law, including Plaintiffs' right to file a charge with an administrative agency and their right to participate in any agency investigation or proceeding. Plaintiffs are waiving, however, any right to recover money in connection with such a charge or investigation except money properly awarded by the Securities Exchange Commission. Plaintiffs also are waiving any right to recover money in connection with a charge filed by any other individual or governmental agency regarding any Released Claims.

6. **Non-Admission Of Liability.** Plaintiffs agree that Defendant does not admit any allegations made against it in the Lawsuit, nor does it admit that Plaintiffs' claim could proceed on a collective action basis. Plaintiffs also agree that nothing contained in this Agreement, nor any of the acts taken thereunder, shall be deemed or construed as an admission of liability or of a violation of any applicable law, statute, ordinance, order, regulation, or constitution of any kind.

7. **Payments.** In exchange for the promises made by and in consideration for all the terms agreed to by Plaintiffs in this Agreement, Defendant agrees to pay the gross settlement sum of Twenty Thousand Dollars and No Cents ($20,000.00) within twenty-one (21) days after the Court approves this Agreement and has dismissed the Lawsuit with prejudice, on the condition that Plaintiffs and Plaintiffs' counsel, Law Offices of J.J. Talbott, complete, execute, and submit IRS Forms W-9 to Defendant.

This payment shall be apportioned as follows, which reflects a proportionate share of the gross settlement sum (minus attorney's fees, costs and the Named Plaintiff's incentive award), based on the total number of alleged overtime hours worked by Plaintiffs, as estimated by Plaintiffs' counsel based on information provided by Defendant:

(a) A check made payable to Patricia Avila in the amount of Three Hundred Dollars ($300.00) as an incentive award;

(b) The sum of Six Hundred Ninety-Five Dollar and Eighty-Two Cents ($695.82) made payable to Patricia Avila for the FLSA overtime claims in the Lawsuit, fifty percent of which shall be treated as payment for Patricia Avila's alleged unpaid wages, and fifty percent of which shall be treated as payment for Patricia Avila's alleged liquidated damages, penalties, and interest;

(c) The sum of Eight Hundred Seventy-Four Dollars and Fifty-Three Cents ($874.53) made payable to Brian Rose for the FLSA overtime claims in the Lawsuit, fifty percent of which shall be treated as payment for Brian Rose's alleged unpaid wages, and fifty percent of which shall be treated as payment for Brian Rose's alleged liquidated damages, penalties, and interest;

(d) The sum of One Thousand, Nine Hundred Sixty-Four Dollars and Fifty-Seven Cents ($1,964.57) made payable to Eduardo Valentin for the FLSA overtime claims in the Lawsuit, fifty percent of which shall be treated as payment for Eduardo Valentin's alleged unpaid wages, and fifty percent of which shall be treated as payment for Eduardo Valentin's alleged liquidated damages, penalties, and interest;

(e) The sum of Two Hundred Thirty-Four Dollars and Forty-Two Cents ($234.42) made payable to Zahira Baidouri for the FLSA overtime claims in the Lawsuit, fifty percent of which shall be treated as payment for Zahira Baidouri's alleged unpaid wages, and fifty percent of which shall be treated as payment for Zahira Baidouri's alleged liquidated damages, penalties, and interest;

(f) The sum of Eight Hundred Ninety-Two Dollars and Thirty-Two Cents ($892.32) made payable to Leonard Walters for the FLSA overtime claims in the Lawsuit, fifty percent of which shall be treated as payment for Leonard Walters's alleged unpaid wages, and fifty percent of which shall

    be treated as payment for Leonard Walters's alleged liquidated damages, penalties, and interest;

(g) The sum of One Thousand, Nine Hundred Twenty-Three Dollars and Eighty-Six Cents ($1,923.86) made payable to Humberto Britto for the FLSA overtime claims in the Lawsuit, fifty percent of which shall be treated as payment for Humberto Britto's alleged unpaid wages, and fifty percent of which shall be treated as payment for Humberto Britto's alleged liquidated damages, penalties, and interest;

(h) The sum of Nine Hundred Fifty-Three Dollars and Three Cents ($953.03) made payable to Zaim Osmanovic for the FLSA overtime claims in the Lawsuit, fifty percent of which shall be treated as payment for Zaim Osmanovic's alleged unpaid wages, and fifty percent of which shall be treated as payment for Zaim Osmanovic's alleged liquidated damages, penalties, and interest;

(i) The sum of Ten Dollars and No Cents ($10.00) made payable to Patrick Filson for the FLSA overtime claims in the Lawsuit, fifty percent of which shall be treated as payment for Patrick Filson's alleged unpaid wages, and fifty percent of which shall be treated as payment for Patrick Filson's alleged liquidated damages, penalties, and interest;

(j) The sum of Three Thousand, One Hundred Thirty Dollars and Eight Cents ($3,130.08) made payable to Adelino Cisternas for the FLSA overtime claims in the Lawsuit, fifty percent of which shall be treated as payment for Adelino Cisternas's alleged unpaid wages, and fifty percent of which shall be treated as payment for Adelino Cisternas's alleged liquidated damages, penalties, and interest;

(k) The sum of Three Hundred Fourteen Dollars and Sixty-Three Cents ($314.63) made payable to Miranda O'Bryan for the FLSA overtime claims in the Lawsuit, fifty percent of which shall be treated as payment for Miranda O'Bryan's alleged unpaid wages, and fifty percent of which shall be treated as payment for Miranda O'Bryan's alleged liquidated damages, penalties, and interest;

(l) The sum of Twenty-Two Dollars and Forty-Three Cents ($22.43) made payable to Zachary Rainville for the FLSA overtime claims in the Lawsuit, fifty percent of which shall be treated as payment for Zachary Rainville's alleged unpaid wages, and fifty percent of which shall be treated as payment for Zachary Rainville's alleged liquidated damages, penalties, and interest; and

(m) A check made payable to Law Offices of J.J. Talbott in the amount of Eight Thousand, Six Hundred Eighty-Four Dollars and Thirty-One Cents

($8,684.31), in full satisfaction for attorneys' fees and costs of Six Hundred Ninety-Three Dollars and Ninety-Five Cents ($693.95).

Plaintiffs agree to provide Defendant with completed IRS Forms W-4 and W-9 before any checks will be issued. Plaintiffs further agree to direct their counsel to provide a completed W-9 form, as well, before a check pursuant to Paragraph 7(m) is issued.

8. **Tax Treatment**. Plaintiffs further agree that:

 (a) applicable statutory deductions, including federal and any applicable state income taxes and Social Security taxes, shall be withheld by Defendant from the sum treated as payment for Plaintiffs' alleged unpaid wages, and Defendant shall issue an IRS Form W-2 to Plaintiffs in connection with the payment of this sum.

 (b) Defendant shall issue a Form 1099 to Named Plaintiff for her individual incentive award;

 (c) Defendant shall issue a Form 1099 to each Plaintiff in connection with the payments for their alleged liquidated damages, penalties, and interest, which is ½ of the amount that is owed to them above (i.e., one half of the payment will be paid via a paycheck which will have taxes taken out and the other half of the settlement will not have taxes removed but the employee will get a 1099 for that amount);

 (d) Defendant shall issue a Form 1099 to each Plaintiff in connection with the payment made to the Office of J.J. Talbott for attorneys' fees and expenses; and

 (e) in the event the Internal Revenue Service, or any other state or local taxing entity, or any court or other tribunal of competent jurisdiction, determines that all or part of these payments are remuneration for which any taxes are due and owing by the Defendant, Plaintiffs shall be solely responsible for the payment of such taxes. Plaintiffs agree not to make a claim against Defendant for the payment of any such taxes, or for any related interest or penalties. Plaintiffs also agree to indemnify Defendant for any amounts that Defendant may be required to pay with respect to taxes on payments to Plaintiffs, including, but not limited to, interest and penalties, in connection with any taxes that Plaintiffs may owe based on this payment.

9. **Other Agreements By Plaintiffs**. Plaintiffs also agree that:

 (a) they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. Plaintiffs have not been coerced, threatened, or intimidated into signing this Agreement;

    (b)    Plaintiffs have been advised to consult with, and have in fact consulted with, their lawyers at the Law Offices of J.J. Talbott, prior to signing this Agreement;

    (c)    they are not entitled to any consideration from Defendant other than the consideration described in Paragraph 7; and

    (d)    they are waiving their right to participate in any class or collective action against Defendant and/or the other Released Parties regarding any of the Released Claims.

**10.   Applicable Law.** This Agreement shall be interpreted under the laws of the State of Florida without regard to its choice of law provisions.

**11.   Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument. Electronic, e-mailed or faxed copies of signatures shall be considered the equivalent of an original signature.

**12.   Entire Agreement.** This Agreement sets forth the entire agreement between Plaintiffs and Defendant regarding their settlement, and supersedes any other written or oral statements, representations, communications, understandings, and agreements. No amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by each Plaintiff and Defendant.

**13.   Severability.** The Parties agree that if any phrase, clause, or provision of this Agreement is declared to be illegal, invalid or unenforceable by a court of competent jurisdiction, such phrase, clause or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision in this Agreement is deemed to be unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver, release, or covenant not to sue set forth in Paragraphs 2 to 3 is deemed to be illegal, invalid, or unenforceable in whole or in part, Defendant's obligations under this Agreement shall be nullified.

**[SIGNATURES ON THE NEXT PAGES]**

*[signature]*

Signature

Patricia Avila

Printed Name

Apr 13, 2018

Date

5011 111th terrace east

Street Address

Parrish, Fl 34219

City, State and Zip

_Brian Rose (Apr 14, 2018)_
Signature

Brian Rose
Printed Name

Apr 14, 2018
Date

4322 22nd Ave N
Street Address

St. Petersburg, FL, 33713
City, State and Zip

_____
Eduardo Valentin (Apr 17, 2018)

Signature

Eduardo Valentin
Printed Name

Apr 17, 2018
Date

_____
Street Address

_____
City, State and Zip

_____
Signature

Zahira baidouri
_____
Printed Name

Apr 17, 2018
_____
Date

_____
Street Address

_____
City, State and Zip

*Leonard walters (Apr 16, 2018)*

Signature

Leonard walters
Printed Name

Apr 16, 2018
Date

04/16/18
Street Address

5944 5th have no st.petersburg florida 33710h
City, State and Zip

**Signature:**

**Email:** lenniwaters@gmail.com

_____
Humberto Brito (Apr 13, 2018)

Signature

Humberto Brito
_____
Printed Name

Apr 13, 2018
_____
Date

_____
Street Address

_____
City, State and Zip

*Zaim Osmanovic*
Zaim Osmanovic (Apr 13, 2018)
Signature

Zaim Osmanovic
Printed Name

04.13.2018
Date

6515 34 Ave N
Street Address

St.Petersburg 33710
City, State and Zip

*Patrick*
patrick Filson (Apr 13, 2018)

Signature

patrick Filson

Printed Name

Apr 13, 2018

Date
4/13/2018

Street Address
8165 91st Terr. Seminole, Fl 33777

City, State and Zip

*Adelino cisternas (Apr 15, 2018)*

_____
Signature

Adelino cisternas
_____
Printed Name

Apr 15, 2018
_____
Date

_____
Street Address

_____
City, State and Zip

_/s/ Miranda OBryan_
Miranda OBryan (Apr 18, 2018)
Signature

Miranda OBryan
Printed Name

Apr 18, 2018
Date

_____
Street Address

_____
City, State and Zip

*Zachary A Rainville*
Zachary A Rainville (Apr 17, 2018)
_____
Signature

Zachary A Rainville
_____
Printed Name

Apr 17, 2018
_____
Date

_____
Street Address

_____
City, State and Zip

SP Beach Hotel Corp.

Title _Vice President Jordon Hylton_

Date: _4/12/16_

- 18 -